Oicey, J.
Wick, by virtue of his office of treasurer of Clark county, was treasurer of the city of Springfield, the board of education of the city, the township of Springfield, and the board of education of the township; and it was the duty of the commissioners, at the September settlement in 1872, to ascertain, not merely whether he had in his custody as such treasurer the amount of money belonging to the county, but also whether he bad the amount due to each of the other corporations named, and to see that the whole was *646 paid over to Ms successor. This is shown by numerous statutory provisions, which admit of no other reasonable construction. It is, therefore, unnecessary to determine whether the commissioners had or had not actual notice of the deficit before the settlement with Wick was concluded. The law having charged them with the duty of ascertaining whether he had in his custody, as treasurer, the funds due from him to these various corporations, the case is to be regarded as though such knowledge had been fully proved.
The question, then, is whether the county of Clark is liable to the city of Springfield and its board of education, and the township of Springfield and its board of education, for pro rata shares of the moneys in the treasury, $01,860.26, appropriated, under direction of the commissioners, to the use of the county. That the moneys of these various corporations were mingled, and that the embezzlement was from the mass, cannot be denied; and it must be further admitted, that the amount appropriated to the use of the county, under direction of the commissioners, was the exact sum due to the county from Wick ; but neither mingling the money, the embezzle'ment, nor the appropriation by the county, had the effect of destroying the interest -of the city, township, and school boards in the sum which was in the treasury at the time of the settlement. Equity will make it available to them by fastening a liability on the county. This would clearly be the rule as applied to individuals, under such circumstances, and there is no reason for saying the same rule does not apply to public corporations. Van Alen v. American National Bank,, 52 N. Y. 1; Matter of Van Duzer's Estate, 41 How. Pr. 410 ; Farmers, &c. Bank v. King, 57 Pa. St. 202 ; Pennell v. Defell, 4 De G., M. & G. 872 ; Cook v. Tullis, 18 Wall. 332 ; Bayne v. United States, 93 U. S. 442; United States v. State Bank, 96 U. S. 30.
A number of other objections urged against the judgments in the court below, have been argued at length. We have carefully considered them, but do not think that any of them are tenable.

Judgments affirmed.